COHEN I.P. LAW GROUP, P.C.
Michael N. Cohen (Cal. Bar. No. 225348)
Christopher C. Barsness (Cal. Bar. No. 222861)
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel: 310-288-4500
Fax: 310-246-9980
michael@patentlawip.com

Attorneys for Plaintiff
InfoStream Group, Inc.

FILED

10 JUL 14 PM 3:34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ______________

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

INFOSTREAM GROUP, INC., a Nevada Corporation,

Plaintiff,

vs.

AVID LIFE MEDIA, INC., a foreign corporation; AVID DATING LIFE, INC. a foreign corporation, d/b/a The Ashley Madison Agency; ESTABLISHED MEN, INC., a foreign corporation; ARRANGEMENT SEEKERS, INC., a foreign corporation; Corporations 1-10, Limited Liability Companies A-Z, and DOES 1-10, inclusive,

Defendants.

CASE NO.: CV 10 5166-VBF (FMOx)

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGEMENT;**
2. **FEDERAL UNFAIR COMPETITION;**
3. **FEDERAL TRADEMARK DILUTION;**
4. **CALIFORNIA TRADEMARK DILUTION AND INFRINGEMENT;**
5. **CALIFORNIA UNFAIR BUSINESS PRACTICES;**
6. **CYBERPIRACY;**
7. **DEMAND FOR ACCOUNTING;**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff INFOSTREAM GROUP, INC. ("Infostream" or "Plaintiff") to hereby file its Complaint (the "Complaint") against AVID LIFE

MEDIA, INC., ("Avid Life"), ESTABLISHED MEN, INC., ("Established Men"), ARRANGEMENT SEEKERS, INC., ("Arrangement Seekers"); Corporations 1-10, Limited Liability Companies A-Z, and Does 1-20 (collectively, "Defendants").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 133(b), in that Plaintiff's claims arise under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq., and present a federal question involving unfair competition and trademarks. Additionally, this Court has diversity jurisdiction over this action as well, pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Nevada and all Defendants are citizens of Canada. Plaintiff's damages exceed $75,000.

2. Venue is proper in this district under 28 U.S.C. §1400(a) and §1391(b) and (c) because on information and belief a substantial part of the events and omissions giving rise to the claims asserted herein occurred within this judicial district, substantial injury occurred in this district. In addition, on information and belief venue is proper is this district pursuant to 28 U.S.C. 1391(d) as to defendants in that they are aliens residing in, located in, or existing in Toronto, Canada.

3. Personal jurisdiction exists over Defendants because on information and belief, and, as alleged herein, Defendants conduct business in California and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that they do not offend traditional notions of fair play and due process to Defendants in the jurisdiction herein.

## PARTIES

4. Plaintiff INFOSTREAM GROUP, INC., ("Plaintiff") is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of Nevada, with its principal place of

business in Nevada.

5. Plaintiff is informed and believes that Defendant AVID LIFE MEDIA, INC. ("AVID LIFE") is a foreign corporation with its principal place of business at 20 Eglinton Ave. West, Suite 1200, Toronto, Ontario, Canada M4R 1K8.

6. Plaintiff is informed and believes that Defendant AVID DATING LIFE, INC. ("AVID DATING") is a foreign corporation with its principal place of business at 505 University Ave, Suite 1400, Toronto, Ontario, Canada M5G 1X3. Plaintiff is further informed and believes that Defendant AVID DATING is operating under the fictitious name The Ashley Madison Agency.

7. Plaintiff is informed and believes that Defendant ESTABLISHED MEN, INC., ("ESTABLISHED MEN") is a foreign corporation with its principal place of business at 20 Eglinton Ave. West, Suite 1200, Toronto, Ontario, Canada M4R 1K8.

8. Plaintiff is informed and believes that Defendant ARRANGEMENT SEEKERS, INC., ("ARRANGEMENT SEEKERS") is a foreign corporation with its principal place of business at 20 Eglinton Ave. West, Suite 1200, Toronto, Ontario M4R 1K8.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein designated by fictitious names Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

10. All Defendants are corporations organized under the laws of Canada with their principal places of business in Canada. All Defendants are, therefore, citizens of Canada. All of the Defendants are agents of one another and co-conspirators and are vicariously liable for the acts alleged in the Complaint.

11. Plaintiff further alleges that Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, inclusive, sued herein by fictitious names are jointly, severally, and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein that Defendants, Corporations 1-10; Limited Liability Companies A-Z; and Does 1-20, inclusive, and each of them (collectively, "Defendants"), were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## GENERAL ALLEGATIONS

### A. Plaintiff's Reputation and Goodwill in the Relevant Industry

13. Plaintiff has a United States Trademark registration for the trademark SEEKING ARRANGEMENT. Plaintiff operates a dating website at <seekingarrangement.com> where individuals can meet, converse, arrange dates, or just chat. (Exhibit A). Plaintiff has been operating this website continuously since 2006. <seekingarrangement.com> is consistently rated among the top dating web sites worldwide.

14. On May 29, 2007, Plaintiff Infostream applied for the registration of its SEEKING ARRANGEMENT trademark. United States Trademark Registration No. 3,377,772 was issued on February 5, 2008.

15. Since at least as early as 2006, Plaintiff has continuously used the SEEKING ARRANGEMENT mark in commerce to promote its online dating goods and services.

16. Plaintiff continuously used the trademark SEEKING ARRANGEMENT in connection with the promotion, advertising and sale of multiple services provided on <seekingarrangement.com> well before the acts of

Defendants complained of herein.

17. Plaintiff operates the official website <seekingarrangement.com> in connection with the promotion, advertising, and sale of its services, and operated the website before the acts of Defendants complained of herein.

18. Plaintiff spent hundreds of thousands of dollars and expended years of effort in advertising, promoting and developing the trademark SEEKING ARRANGEMENT, throughout the United States and internationally, during the years from 2006 through present. As a result of such advertising and expenditures, Plaintiff has created a famous mark that is recognized throughout this industry. Plaintiff has established considerable goodwill in the trademark SEEKING ARRANGEMENT. The trademark SEEKING ARRANGEMENT is a valuable asset of Plaintiff's and is of substantial worth to Plaintiff.

19. Many articles and television interviews evidencing the critical acclaim and considerable unsolicited media attention given to the SEEKING ARRANGEMENT dating service in national publications may be found in, without limitation, *The New York Times, Vanity Fair, U.S. News and World Report*, and *Playboy*, as well as featured in book entitled "Seeking Arrangement: The Definitive Guide to Sugar Daddy and Mutually Beneficial Relationships" which has been sold throughout the world on Amazon.com. Also, <seekingarrangement.com> has also been featured in numerous television interviews including, but not limited to, *CNN, ABC News 20/20, CBS News, Fox News, Good Morning America, and MSNBC.*

20. As a result, <seekingarrangement.com> has become a well-known and recognizable brand nationally and has become associated in the minds of consumers with online dating, and specifically in the "sugar daddy" dating community.

**C. <u>Defendants' Misuse of the Property and Evidence of Damage to Plaintiff</u>**

21. Upon information and belief, after <seekingarrangement.com> became famous throughout the United States, Defendants registered the domain

<arrangementseekers.com> and began to advertise and to promote an online dating website in the "sugar daddy" genre, identical to Plaintiff's service. (Exhibit B).

22. Upon information and belief, Defendants online dating site at <arrangementseekers.com> is of substantially inferior quality to Plaintiff's famous <seekingarrangement.com> website and associated services; such that, Plaintiff's SEEKING ARRANGEMENT mark will likely suffer negative associations through Defendants unauthorized use. Because Defendants' goods and services are of inferior quality to Plaintiff's goods and services, Defendants' unauthorized use of Plaintiff's mark will dilute Plaintiff's famous mark.

23. Upon information and belief Defendants' <arrangementseekers.com> website, as well as many of Defendants' other websites, such as <ashleymadison.com>, heavily advertises in California, specifically, in Los Angeles, and has hundreds if not thousands of customers in Los Angeles.

24. Defendants' use of the confusingly similar <arrangementseekers.com> is direct competition with Plaintiff's SEEKING ARRANGEMENT mark for the identical class of services, and distributed through the same channels of trade, is likely to confuse consumers, and has actually caused confusion. The confusingly similar use by Defendants of Plaintiff SEEKING ARRANGEMENT mark, and the confusingly similar domain, <arrangementseekers.com> , will lead consumers to conclude that Defendants' dating services was exclusively or jointly developed, licensed, or certified by, or is otherwise associated or affiliated with, Plaintiff's online dating services. Consumers, especially those who learn about the Defendants' website by word of mouth, are likely to be mislead as to the source, sponsorship, or affiliation of the Defendants' goods and services.

25. Upon learning of such infringement, Plaintiff contacted Defendant Avid Life at the end of 2009 and demanded that Defendants cease and desist in their infringing use of Plaintiff's SEEKING ARRANGEMENT mark, and cease the

use of <arrangementseekers.com> . Defendants refused to cease their activities and still continue their wrongful acts. Despite being placed on actual notice of their violations of Plaintiff's rights, Defendants have used the confusing similar <arrangementseekers.com> extensively, all without the Plaintiff's authorization or consent.

26. Accordingly, in this action Plaintiff seeks to permanently enjoin Defendants from using its SEEKING ARRANGEMENT mark or any confusingly similar mark or domain names, for the marketing and sale of its dating services so that Plaintiff 's SEEKING ARRANGEMENT mark can continue to serve as a unique identifier of a predictable nature and quality of goods or services coming from a single source. Defendants' unauthorized use of Plaintiff's SEEKING ARRANGEMENT mark in connection with Defendants' comparatively inferior online dating services has diluted and continues to dilute Plaintiff's mark by diminishing consumer capacity to associate the marks with the quality goods and services signified by Plaintiff's SEEKING ARRANGEMENT mark.

27. Despite Plaintiff's numerous attempts and negotiations to resolve the dispute amicably, Defendants persisted in using the confusingly similar <arrangementseekers.com>, leaving Plaintiff no choice but to file this Complaint.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

**(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

**(Against All Defendants)**

28. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraph 1 through 27 of this Complaint.

29. The trademark SEEKING ARRANGEMENT is inherently distinctive and has, over time, also acquired secondary meaning. The public associates the trademark SEEKING ARRANGEMENT with Plaintiff's products and services.

This is a result of the trademark SEEKING ARRANGEMENT inherent distinctiveness and distinctiveness acquired through extensive advertising, sales, and use in commerce throughout the United States.

30. Without Plaintiff's consent, Defendants have used, in connection with the sale, offering for sale, distribution or advertising of Defendants' goods and services that infringe upon the Seeking Arrangement Mark.

31. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

32. As a direct and proximate result of Defendants' infringing activities as alleged herein, Plaintiff has suffered substantial damage.

33. Defendant's infringement of Plaintiff's trademarks as alleged herein is an exceptional case and was intentional. Said exceptional and intentional infringement has damaged Plaintiff as described herein, entitling Plaintiff to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

**(False Designation of Origin and False Description)**

**(15 U.S.C. §1125; Lanham Act § 43(a))**

**(Against All Defendants)**

34. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35. Defendant's conduct constitutes the use of the words, terms, names, symbols or devices tending falsely to describe the infringing goods and services, within the meaning of 15 U.S.C. § 1125(a)(1). Defendant's conduct is likely to

cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of Plaintiff and in violation of 15 U.S.C. § 1125(a)(1).

**THIRD CLAIM**

**FEDERAL DILUTION OF FAMOUS MARK**

**(Federal Trademark Dilution Act of 1995)**

**(15 U.S.C. § 1125(c); Lanham Act § 43(a))**

**(Against All Defendants)**

36. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37. Plaintiff's SEEKING ARRANGEMENT mark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

38. Defendants' activities as alleged herein constitute dilution of distinctive quality of Defendants' trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

39. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

40. Because Defendants willfully intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's famous trademark, Plaintiff is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

///

**FOURTH CLAIM**

**CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**

**(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

**(Against All Defendants)**

41. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.

42. Defendants' intentional and blatant infringement of Plaintiff's federal and state registered trademark constitutes infringement and dilution under California Business & Professions Code §§ 14320, 14330, and 14335.

43. Defendants infringed the Seeking Arrangement Mark with knowledge and intent to cause confusion, mistake or deception.

44. Defendants' conduct is aggravated by that kind of willfulness, wantonness and malice for which California law allows the imposition of exemplary damages. That is Defendants' activities were intentional, willful, wanton, fraudulent, and without justification or excuse, and were undertaken with gross indifference to the rights of Plaintiff.

45. Alternatively, Defendant was reckless or grossly negligent in that Defendant's actions involved such an entire want of care as could have resulted only from an actual conscious indifference to the rights and welfare of Plaintiff.

46. As a direct and proximate result of Defendants' conduct, pursuant to California Business & Professions Code § 14340, Plaintiff is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by Plaintiff by reason of Defendants, use, marketing and advertising of the Seeking Arrangement Mark.

**FIFTH CLAIM**

**CALIFORNIA UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code § 17200)**

**(Against All Defendants)**

47. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraph 1 through 46 of this Complaint.

48. Defendants infringement of Plaintiff's Seeking Arrangement Mark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising within the meaning of California Business & Professions Code § 17200.

49. As a consequence of Defendants' actions, Plaintiff is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

**SEVENTH CLAIM**

**Cyberpiracy Under Lanham Act § 43(d)**

**(Against All Defendants)**

50. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs designated 1 through 49, inclusive, of this Complaint, as if fully set forth herein at length.

51. Plaintiff is the owner of the inherently distinctive famous Seeking Arrangement Mark.

52. To date Defendants have intentionally and deceptively made use of its confusingly similar domain name <arrangementseekers.com>.

53. Defendants, with a bad faith intention to profit from the SeekingArrangement.com Domain Name, registered, used and continue to use, a domain name, <arrangementseekers.com> this is confusingly similar to, and

dilutive of, plaintiff's <seekingarrangement.com> domain name.

54. Such conduct on the part of the Defendants will cause consumer confusion as the Plaintiff's association with, affiliation with, or sponsorship of the Defendants' goods and services, and constitutes cyberpiracy pursuant to § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

55. By reason of the foregoing, Plaintiff is entitled to permanent injunctive relief against Defendants restraining further use of the domain name <arrangementseekers.com>, and other confusingly similar domains, and/or ordering the forfeiture or cancellation of the domain name or the transfer of the same to Plaintiff and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of cyberpiracy, together with all other remedies available under the Lanham Act, including, but not limited to, treble damages, disgorgement of profits, and costs and attorney's fees.

## EIGHTH CLAIM

## ACCOUNTING

**(Common Law)**

**(Against All Defendants)**

56. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 55 of this Complaint.

57. Defendants' activities, as alleged above, have violated Plaintiff's right in the Seeking Arrangement Mark under the common law.

58. As a direct result of its infringing activities, Defendants have been unjustly enriched through fraudulent conversion of Plaintiff's goodwill and rights in its trademark into its own profits through the sale of the infringing products and has caused Plaintiff to lose sales of its genuine goods and services.

59. As a direct result of Defendants' misconduct, Defendants have received substantial profits, to which Plaintiff is entitled under common law.

60. The amount of such profits is unknown to Plaintiff and cannot be ascertained without an accounting.

## PRAYER FOR JUDGMENT

WHEREFORE, PLAINTIFF prays that this Court grant it the following relief:

61. Adjudge that Plaintiff's Seeking Arrangement Mark has been infringed by Defendants in violation of Plaintiff's right under common law, 15 U.S.C. § 1114, and/or California law;

62. Adjudge that Defendants have competed unfairly with Plaintiff in violation of Plaintiff's rights under common law, 15 U.S.C. § 1125(a), and/or California law.

63. Adjudge that Defendants' activities are likely to, or have, diluted Plaintiff's famous Seeking Arrangement Mark in violation of Plaintiff's rights under common law, 15 U.S.C. § 1125(c), and/or California law;

64. Adjudge that Defendants and each of its agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with it, and/or persona(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a. Selling, offering for sale distributing, advertising, or promoting any goods or services that display any words or symbols that so resembles Plaintiff's Seeking Arrangement Mark as to be likely to cause confusion, mistake or deception, on or in connection with any goods or services that is not authorized by or for Plaintiff;

b. Using the SEEKING ARRANGEMENT mark,

<arrangementseekers.com> domain name and any other marks or domain names confusingly similar to the SEEKING ARRANGEMENT mark alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any goods or services;

c. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its goods with Plaintiff or as to the origin of Defendants' goods or services, or any false designation of origin, false or misleading description or representation of fact;

d. A preliminary and permanent injunction requiring the current domain name registrar or registry to transfer the <arrangementseekers.com> domain name registrations to Plaintiff;

e. Further infringing the rights of Plaintiff in and to any of its trademarks in its Seeking Arrangement Mark products and services or otherwise damaging Plaintiff's goodwill or business reputation;

f. Otherwise competing unfairly with Plaintiff in any manner; and

g. Continuing to perform in any manner whatsoever any of the other acts complained of in the Complaint;

65. Adjudge that Defendants be required immediately to supply Plaintiff's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing goods and services as alleged in this Complaint;

66. Adjudge that Defendants, within thirty (30) days after service of the Judgment demanded herein, be required to file with this Court and serve upon Plaintiff's counsel a written report under oath setting forth in detail the manner in

which it has complied with the Judgment;

67. Adjudge that Plaintiff recover from Defendants its actual damages and lost profits in an amount of over $1,000,000.00, that Defendants be required to account for any profits that are attributable to its illegal acts, and that Plaintiff be awarded the greater of (1) three times Defendants' profits or (2) three times any damages sustained by Plaintiff under 15 U.S.C § 1117, plus prejudgment interest;

68. Adjudge that Plaintiff recover from Defendants' its compensatory damages and costs pursuant to the prior Consent Decree between the parties, including without limitation statutory damages and reasonable attorneys' fees;

69. Impose a constructive trust on all Defendants' funds and assets that arise out of Defendants' infringing activities;

70. Adjudge that Defendants be required to pay Plaintiff punitive damages for its oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages incurred by Plaintiff or on proof of Defendants' unjust enrichment;

71. Adjudge that Plaintiff be awarded its costs and disbursement incurred in connection with this action, including Plaintiff's reasonable attorneys' fees and investigative expenses; and

///

72. Adjudge that all such other relief be awarded to Plaintiff as this Court deems just and proper.

DATED: July 13, 2010

Respectfully submitted,

By: [signature]

Michael N. Cohen
Christopher C. Barsness
COHEN I.P. LAW GROUP, P.C.
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Telephone: (310) 288-4500
Facsimile: (310) 246-9980
Michael@patentlawip.com

Attorneys for Plaintiff
INFOSTREAM GROUP, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Infostream Group, Inc. respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

DATED: July 13, 2010

Respectfully submitted,

By:_______________

Michael N. Cohen
Christopher C. Barsness
COHEN IP LAW GROUP, P.C.
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Telephone: (310) 288-4500
Facsimile: (310) 246-9980
Michael@patentlawip.com

Attorneys for Plaintiff
INFOSTREAM GROUP, INC.

# EXHIBIT A

   Free Sugar Daddy Dating & Sugar Baby Personals Page 1 of 2

# SeekingArrangement.com™
the Elite Sugar Daddy Dating site

Looking for Real Love?
SeekingMillionaire.com

What's An Arrangement How It Works Why This Works FAQ Media Blog JOIN NOW Login

## Mutually Beneficial Relationships™

### The Premier Dating Website for Sugar Daddies, Mommies & Babies

SeekingArrangement is the premier Sugar Daddy Dating site. We are a matchmaking website for wealthy benefactors, and attractive guys & gals.

Join
free

**FREE** for sugar babies and FREE for all to join, create a profile, and contact other members. Find, search, date, meet or get a sugar daddy now, it takes only a few minutes! > **JOIN NOW >**

**Sugar Daddy, Mommy**
Rich and successful. Single or married, you have no time for games. You are looking to mentor or spoil someone special - perhaps a "personal secretary"? secret lover? student? or a mistress for an extra-marital affair?

**Sugar Baby**
Attractive, ambitious & young. Sugar Babes are college students, aspiring actresses or someone just starting out. You seek a generous Benefactor to pamper, mentor and take care of you - perhaps to help you financially?

I am Seeking a ...

Sugar Daddy Browse

As Featured In

PLAYBOY
NEWS 20/20
The New York Times

Buy Tickets
August 2nd 2010
Hudson Terrace
New York City
Sugar
The Party
bigger and better

$16.95 Buy from amazon.com

**Seeking Arrangement**
*The Definitive Guide to Sugar Daddy and Mutually Beneficial Relationships*
Written by our founder, this book smashes old stereotypes. Honest and frank about sex, money, and issues of morality, it gives us the real dope on the modern Sugar Daddy - not a rich decrepit 'captain of industry' exploiting empty-headed vixens for hedonistic pleasure, but a mature gentleman seeking fun and pleasure with women of substance. Wade doesn't champion a cause - he knows these arrangements aren't everyone's cup of... ahem... sugar. He simply prepares readers to navigate the online world of arrangements, avoiding scams and frauds, and learning to maximize satisfaction.

**Visit our other dating sites:** SeekingMillionaire.com (Millionaire Dating) & SeekingFantasy.com (Adult Dating)

http://www.seekingarrangement.com/

# EXHIBIT B



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV10- 5166 VBF (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

Name & Address:
COHEN I.P. LAW GROUP, P.C.
Michael N. Cohen
9025 WISLSHIRE BLVD., STE. 301,
BEVERLY HILLS, CA 90211
(310) 288-4500

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INFOSTREAM GROUP, INC. a Nevada Corporation<br><br>PLAINTIFF(S)<br>v.<br>AVID LIFE MEDIA, INC; AVID DATING LIFE, INC; ESTABLISHED MEN, INC; ARRANGEMENT SEEKERS, INC.<br>See Attachment DEFENDANT(S). | CASE NUMBER<br>CV10 5166-VBF(FMOx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): AVID LIFE MEDIA, INC; AVID DATING LIFE, INC; ESTABLISHED MEN, INC; ARRANGEMENT SEEKERS, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, MICHAEL N. COHEN, whose address is 9025 WILSHIRE BLVD., SUITE 301, BEVERLY HILLS, CA 90211. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 14 JUL 2010

By: [signature]
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COHEN I.P. LAW GROUP, P.C.
Michael N. Cohen (Cal. Bar. No. 225348)
Christopher C. Barsness (Cal. Bar. No. 222861)
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel: 310-288-4500
Fax: 310-246-9980
michael@patentlawip.com

Attorneys for Plaintiff
InfoStream Group, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

INFOSTREAM GROUP, INC., a Nevada Corporation,

Plaintiff,

vs.

AVID LIFE MEDIA, INC., a foreign corporation; AVID DATING LIFE, INC. a foreign corporation, d/b/a The Ashley Madison Agency; ESTABLISHED MEN, INC., a foreign corporation; ARRANGEMENT SEEKERS, INC., a foreign corporation; Corporations 1-10, Limited Liability Companies A-Z, and DOES 1-10, inclusive,

Defendants.

CASE NO.:

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGEMENT;**
2. **FEDERAL UNFAIR COMPETITION;**
3. **FEDERAL TRADEMARK DILUTION;**
4. **CALIFORNIA TRADEMARK DILUTION AND INFRINGEMENT;**
5. **CALIFORNIA UNFAIR BUSINESS PRACTICES;**
6. **CYBERPIRACY;**
7. **DEMAND FOR ACCOUNTING;**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff INFOSTREAM GROUP, INC. ("Infostream" or "Plaintiff") to hereby file its Complaint (the "Complaint") against AVID LIFE

Name & Address:
COHEN I.P. LAW GROUP, P.C.
Michael N. Cohen
9025 WISLSHIRE BLVD., STE. 301,
BEVERLY HILLS, CA 90211
(310) 288-4500

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INFOSTREAM GROUP, INC. a Nevada Corporation<br><br>PLAINTIFF(S)<br>v.<br><br>AVID LIFE MEDIA, INC; AVID DATING LIFE, INC; ESTABLISHED MEN, INC; ARRANGEMENT SEEKERS, INC.<br>See Attachment<br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 5166-VBF(FMOx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): AVID LIFE MEDIA, INC; AVID DATING LIFE, INC; ESTABLISHED MEN, INC; ARRANGEMENT SEEKERS, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ __________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, MICHAEL N. COHEN, whose address is 9025 WILSHIRE BLVD., SUITE 301, BEVERLY HILLS, CA 90211. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: 14 JUL 2010

By: MARILYN DAVIS
Deputy Clerk

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
INFOSTREAM GROUP, INC. a Nevada Corporation

**DEFENDANTS**
AVID LIFE MEDIA, INC; AVID DATING LIFE, INC; ESTABLISHED MEN, INC; ARRANGEMENT SEEKERS, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael N. Cohen, COHEN I.P. LAW GROUP, P.C.
9025 WISLSHIRE BLVD., STE. 301, BEVERLY HILLS, CA 90211
(310) 288-4500

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☑ **MONEY DEMANDED IN COMPLAINT: $** 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☑ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV10 5166

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | NEVADA |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | ALL DEFENDANTS RESIDE IN CANADA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 07/13/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |